DALLAS COUNTY et al. v. BOLTON et al.

(Court of Civil Appeals of Texas. Texarkana. June 12, 1913.)

1. TAXATION (§ 316*)—ASSESSORS—COMPENSATION—COLLECTION OF DELINQUENT FEES.

On October 28th the comptroller of the state, as required by Rev. Civ. St. 1911, art. 7584, gave the county tax assessor an order upon the tax collector for the amount of fees due him for assessing the state taxes. The assessor, who had prior to that time received the salary and expenses allowed him by law, indorsed the order and deposited it with a bank, as he claimed, for collection, but, as claimed by the county, as collateral security for a debt. Part of the amount of the order was paid on November 5th, but the balance remained unpaid at the end of the assessor's term on December 1st and was included by him in the statement of delinquent fees which he was required to make by law. There were sufficient funds in the hands of the collector continuously after November 16th to pay the balance due on the order, but it was not presented for collection either by the assessor or by the bank. The assessor had been re-elected and, after he qualified as his own successor, the balance due on the order was paid. Under article 3899 three-fourths of the amount was due to the county and one-fourth to the assessor and the latter also retained 10 per cent. of the amount due to the county, claiming authority under article 3892, which provided that the assessor should be entitled to 10 per cent. of all fees collected which were shown to be delinquent by his annual statement. Held that, since the delinquency in the payment of the balance due on the order was due to the failure of the assessor or the bank, for whose actions in that respect he was responsible, to present the order to the collector for payment before it became delinquent, he could not claim his fee for collecting it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 522–524, 811; Dec. Dig. § 316.*]

2. TAXATION (§ 324*)—ASSESSORS—LIABILITY ON OFFICIAL BONDS.

Since the wrongful appropriation of the 10 per cent. was made after he had qualified for his second term, the sureties on the second bond and not those on the first bond are liable.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 540–547; Dec. Dig. § 324.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

3. TAXATION (§ 324*)—LIABILITY OF COLLECTOR—FAILURE TO PAY TAXES COLLECTED.

The tax collector was not liable for the amount of the fee retained by the assessor, since he was not compelled to pay the order until it was properly presented to him.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 540–547; Dec. Dig. § 324.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Dallas County and others against James E. Bolton and others. From a judgment in favor of James E. Bolton, Dallas County and others appeal. Reversed and judgment rendered against James E. Bolton, as tax assessor, and the sureties upon his second bond and against Dallas County in favor of H. W. Jones, tax collector, and his sureties and the sureties upon the first bond of the tax assessor.

Currie McCutcheon, J. L. Goggans, D. A. Eldridge, and Jeff Word, all of Dallas, for appellants. Pierson, O'Donnell & Pierson, Thompson & Word, and Samuell & Adams, all of Dallas, for appellees.

LEVY, J. The suit was brought by Dallas county against James E. Bolton, the county tax assessor, and the sureties on his official bond to recover the sum of $402 and interest claimed by the county as balance of excess fees due it for the year 1908 and wrongfully retained by the assessor. The assignment made by Dallas county complaining of the refusal of the court to peremptorily instruct a verdict in favor of the county against the tax assessor and his sureties should be sustained, we think; and this ruling determines the appeal.

[1] Appellee Bolton held the office of tax assessor of Dallas county two regular terms; the first term began December 1, 1906, and he qualified as his own successor for the second term on November 23, 1908. During the same periods appellant Jones was the county tax collector. Dallas county comes within that classification of counties wherein the tax assessor is allowed by statute the maximum compensation for his services of an amount not exceeding $2,500 per annum and one-fourth of the excess of fees collected. The comptroller of the state on October 28, 1908, gave an order on H. W. Jones, tax collector of Dallas county, to pay to the order of James E. Bolton $9,359.99 out of the state revenue and state school taxes collected for the year 1908. This sum was the amount of legal fees due tax assessor Bolton by the state for assessing the state taxes in Dallas county for the year 1908. The order was received by appellee Bolton about November 1, 1908. After the receipt of the order the assessor wrote on the back of the order as follows: "Pay to the order of the City National Bank of Dallas, Texas. James E. Bolton, Assessor Dallas County"—and then delivered the order to the bank. It is the contention of Bolton that he indorsed the order to the bank for collection, and it is the contention of the appellant that the order was assigned to the bank as collateral security for a debt. On November 5, 1908, the tax collector, Jones, paid the City National Bank on the order $4,000, which was about the amount of the taxes collected at that date. On December 5, 1908, the tax collector further paid the City National Bank the balance in full of the order. While the balance in full of the order appears to have been paid on December 5, 1908, it was not because there was not in the hands of the tax collector before that time a sufficient amount of state taxes collected with which to pay same. It conclusively appears that at the close of business on November 16, 1908, the tax collector had collected on the tax rolls of 1908 the sum of $2,857.84 in state revenue taxes and the total sum of $7,594.27 in state school taxes, which was more than enough on hand in each fund to pay the balance on the said order of the comptroller. And on each day after November 16th and to December 1st there were sufficient taxes in each fund in the collector's hands to pay the balance of said order. Appellee Bolton testified that he several times before December asked the collector to pay the balance of the order. But it is an undisputed fact that neither Bolton nor the bank ever presented the comptroller's order to the tax collector and demanded payment of the balance due. On December 3, 1908, appellee Bolton made his annual report, as required by law, to the district court of Dallas county for the fiscal year beginning December 1, 1907, and ending November 30, 1908, showing the amount of fees earned during the year, the amount actually paid prior to December 1, 1908, and the amount due and unpaid on December 1, 1908. In this report appellee Bolton reported as unpaid and uncollected the sum of $5,359.99, which was the balance due on the order issued by the comptroller and thereafter paid to the bank on December 5, 1908. Previous to November 30, 1908, the salary of $2,500 allowed by law to the assessor had been paid, and all expenses and deputy hire of the office had been paid, and the amount of $5,359.99 was wholly excess fees, of which, under the law, one-fourth belonged to the assessor and three-fourths, viz., $4,020, would go to Dallas county.

The principal feature of the case is the right of the assessor under the facts to retain or hold 10 per cent. of the $4,020 as compensation. Appellee Bolton predicates his right to claim and to have as compensation the $402 sued for upon the ground that on the close of the fiscal year ending November 30, 1908, the balance of $5,359.99 payable on the order of the comptroller was unpaid, and that he was required by law to make report of fees not collected by that date, and therefore the three-fourths of the amount mentioned became under article 3892, R. S. 1911,

delinquent fees due the county, for the collection of which he was entitled to a commission of 10 per cent. The $4,020 of the balance due on the order of the comptroller is admittedly excess fees going to the county of Dallas. As a part of the county revenue it was the duty of the assessor to receive the same from the tax collector and to himself pay it over to the county treasurer. Article 3889, R. S. The assessor having the authority to receive the portion of the county revenue from the tax collector, and it being his duty to do so, he would be required to perform the duty of receiving the money from the tax collector with reasonable dispatch and in the manner demanded by law. The comptroller was authorized by law to give the order to the assessor. Article 7584, R. S. The order being legal authority to the collector to pay over the taxes, the possession of the same was necessary as a voucher to properly account for such taxes. Consequently the collector of taxes was not required by law to pay over the balance due on the comptroller's order until the order was presented to him and payment thereof demanded, and it was the duty of the assessor to present same to the collector for payment. And it is conclusively shown that the order was not presented to the collector by the assessor himself at any time between November 5th and the close of the fiscal year. And it is an admitted fact that the City National Bank, who was in possession of the order, did not present the same and demand payment of the balance to the tax collector between November 5th and the close of the fiscal year. If the assessor assigned the order, either as a whole or for his part, to the bank as collateral security, then he had placed himself in a position as to the order wherein he could not himself make proper presentation of the order to the collector for the payment of the balance due on it. And if the assessor placed the order with the bank only for collection, as contended by him, still it appears that the bank did not present the order to the collector for the payment of the balance before the close of the fiscal year, and the assessor would be bound by the failure of the bank to act. And even if the collector had stated to the assessor that he would go to the bank and pay to the bank the balance due, the assessor knew in ample time before the close of the fiscal year that the collector had not paid over the balance due and was not intending to pay same before the close of the fiscal year without presentation sooner made to him of the order. Therefore it must be said, we think, that if a commission was due the assessor on the balance coming to the county reported unpaid on the comptroller's order because uncollected by December 1, 1908, the delinquency authorizing such compensation was occasioned by reason of the fact alone that the assessor, or the bank acting for him,

made no proper demand upon the tax collector for the payment of the amount reported unpaid, and that no proper diligence had been exercised to receive the money from the collector before the close of the fiscal year. If the failure of the assessor to actually receive the money due on the comptroller's order by the close of the fiscal year on November 30th operated to make the $4,020 "delinquent fees as may be due the county," and such delinquency was brought about solely by the assessor's own negligent act or fault, as here, then we think the assessor should be held concluded, as pleaded by the county, by his own fault from asserting any claim to the commission against the county. We think under the evidence the county was entitled to a judgment against the assessor and his sureties for the money.

[2] And as the appropriation of the sum occurred after the second bond was executed by the assessor, the sureties on such bond would be liable.

[3] It appearing from the record that no proper demand was made of the tax collector for the payment of the balance on the comptroller's order, the delinquency of payment before December 1st could not be said to have been caused by him, and therefore the county was not entitled to recover of the collector and his sureties.

The judgment of the county court is reversed and here rendered in favor of Dallas county against James E. Bolton, tax assessor, and T. L. Ferguson, Thos. Larkin, A. S. Thompson, and Max Hahn, sureties on his bond, for $402, with interest from December 5, 1908, and costs of the trial court in respect to it and such parties and one-half of cost of this appeal; and further judgment is rendered against Dallas county and, together with one-half of the cost of appeal and all costs incurred in the district court by such parties, in favor of H. W. Jones, tax collector, and his sureties, E. O. Tenison, Alex Sanger, L. A. Pires, and C. A. Keating, and, together with all costs incurred by them, in favor of Thomas Shearon, A. S. Jackson, Max Hahn, and M. B. Alkin, the sureties on the first bond of James E. Bolton, tax assessor.